**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CITY OF SYRACUSE,**

        **Plaintiff,**

vs.               5:11-cv-00744
                 (MAD/GHL)

**LOOMIS ARMORED US, LLC,**

        **Defendant.**

_____

**APPEARANCES:**         **OF COUNSEL:**

**CITY OF SYRACUSE**        **JAMES P. McGINTY, ESQ.**
**OFFICE OF CORPORATION COUNSEL**   **JESSICA M. McKEE, ESQ.**
233 East Washington Street
City Hall
Syracuse, New York 13202
Attorneys for Plaintiff

**HAYNES & BOONE, LLP**       **JONATHAN D. PRESSMENT, ESQ.**
30 Rockefeller Plaza - 26th Floor
New York, New York 10112
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   On June 8, 2011, Plaintiff filed a complaint in New York State Supreme Court, Onondaga County, alleging causes of action for breach of contract and negligence. On July 1, 2011, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1446, asserting that the Court possesses jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) by virtue of the fact that complete diversity exists between the parties and the amount in controversy exceeds $75,000.

On July 8, 2011, Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint is time barred and that it fails to state any *prima facie* claims for relief. Thereafter, on July 21, 2011, Plaintiff filed a motion to remand the action back to state court. *See* Dkt. No. 5. In a December 15, 2011 Memorandum-Decision and Order, the Court denied Plaintiff's motion to remand. *See* Dkt. No. 16. In a letter dated January 4, 2011, Plaintiff informed the Court that it does not intend to oppose Defendant's motion to dismiss. *See* Dkt. No. 17.

Currently before the Court is Defendant's unopposed motion to dismiss.

## II. BACKGROUND

Plaintiff is a municipal corporation duly organized under the laws of the State of New York, with its principal place of business located at City Hall, 233 East Washington Street, Syracuse, New York 13202. *See* Dkt. No. 1-3 at ¶ 1. Defendant is a limited liability company organized under the laws of the State of Texas, with its principal place of business located at 2500 City West Boulevard, Suite 900, Houston, Texas 77042. *See id.* at ¶ 2.

In or about February of 1995, Plaintiff contracted with Armored Motor Service of America, Inc. ("AMSA") for the collection of money from Plaintiff's single space parking meters located throughout the City of Syracuse.[1] *See id.* at ¶ 6. Plaintiff contracted with AMSA again in

---

[1] Although not named in the caption of the complaint, Plaintiff also asserted two breach of contract and five negligence causes of action against AMSA, which parallel the claims asserted against Defendant. *See* Dkt. No. 1-3 at ¶ 79-118. AMSA was never properly joined and served with the complaint.

In its December 15, 2011 Memorandum-Decision and Order denying Plaintiff's motion to remand, the Court found that all claims against AMSA were clearly barred by the applicable statutes of limitation. *See* Dkt. No. 16 at 12-14. As such, the Court found that AMSA had been

(continued...)

2

2000 for the same services. *See id.* at ¶ 7. "Sometime in 2003, AMSA merged with and/or was bought by [Defendant] and [Defendant] took over responsibility for collecting [Plaintiff's] parking meter money." *See id.* at ¶ 8. According to the complaint, when Defendant and AMSA merged, Defendant "assumed all of AMSA's liabilities under the aforementioned meter collection contracts with [Plaintiff]." *See id.* at ¶ 9. Plaintiff claims that Defendant retained the majority of AMSA's employees after this agreement. *See id.* at ¶ 10.

Eventually, Defendant submitted additional bids to handle Plaintiff's parking meter collection work in 2004, 2006 and 2010, and was awarded contracts with Plaintiff for each of those bids. *See id.* at ¶ 12.

From 1998 through 2010, Plaintiff claims that Sean McGuigan, first AMSA's and then Defendant's employee, stole coins from Plaintiff's parking meters with the assistance of a third party, Ronald Mancuso. *See id.* at ¶ 15. Plaintiff claims that Mr. McGuigan was Defendant's only or primary coin collector assigned to collect from its meters during the relevant time period. *See id.* at ¶ 17. Plaintiff alleges that it lost approximately $2,900,000 in revenue as a result of Mr. McGuigan's theft. *See id.* at ¶¶ 33, 44. Beginning in 2005, Plaintiff began phasing out the individual parking meters and replaced them with computerized parking stations, which allowed Plaintiff to track the exact amount of money deposited by a customer in the parking station at any given time. *See id.* at ¶¶ 34, 36. Plaintiff noticed that, as a result of phasing out the individual meters, revenues from its parking meters began to increase in 2006. *See id.* at ¶ 37. Thereafter, in

---

[1](...continued)
fraudulently joined in order to destroy diversity and that the motion to remand should be denied "because 'there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court.'" *See id.* at 14 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998)).

February of 2010, the Federal Bureau of Investigation informed Plaintiff that Mr. McGuigan and Mr. Mancuso had stolen money from its parking meters. *See id.* at ¶ 38.

Plaintiff commenced this action on June 8, 2011 in New York State Supreme Court, Onondaga County. In its complaint, Plaintiff asserts seven causes of action against Defendant. These causes of action include (1) breach of contract (pertaining to Defendant's purported contractual liability for the loss or theft of the coins); (2) breach of contract (pertaining to Defendant's contractual liability for "failing to safeguard the key used to open the coin collection cart as required by the contract"); (3) negligence (pertaining to Defendant's failure to "implement and/or impose reasonable safeguards to protect the money"); (4) negligence (pertaining to Defendant's failure to "use reasonable care in collecting, safekeeping, and/or delivering plaintiff's money"); (5) negligence (pertaining to Defendant's failure "to properly supervise McGuigan"); (6) negligence (pertaining to Defendant's "negligent retention of McGuigan"); and (7) negligence (pertaining to Defendant's "negligent entrustment" of the collection cart key to Mr. McGuigan). *See id.* at ¶¶ 39-78.

### III. DISCUSSION

**A.   Standard of review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See*

4

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

**B.     Statute of limitations**

In its motion to dismiss, Defendant claims that "most, if not all, of [P]laintiff's claims are time-barred" because they occurred between 1998 and 2005 and Plaintiff waited at least six years

5

from the time of the alleged thefts – until June 8, 2011 – to file its complaint.  *See* Dkt. No. 5-2 at 10.[2]  As such, Defendant claims that Plaintiff's two breach of contract claims, both of which are governed by a six-year statute of limitations, are time barred with respect to any thefts which allegedly occurred prior to June 8, 2005.  *See id.* at 10-11.  Further, Defendant alleges that each of Plaintiff's five negligence causes of action, to which a three-year statute of limitations period applies, are also time barred.  *See id.*

### *1. Contract causes of action*

In New York, a six-year limitations period governs breach of contract claims.  *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (citing N.Y. C.P.L.R. § 213(2)).  Generally, this limitations period begins to run when the cause of action accrues.  *See id.* (citing N.Y. C.P.L.R. § 203(a)).  "A cause of action for breach of contract ordinarily accrues and the limitations period begins to run upon breach."  *Id.* (citing *Ely-Cruikshank Co. v. Bank of Montreal,* 81 N.Y.2d 399, 599 N.Y.S.2d 501, 615 N.E.2d 985, 986 (1993)).  "If, however, a contract requires continuing performance over a period of time, each successive breach may begin the statute of limitations running anew."  *Id.* (citing *Bulova Watch Co. v. Celotex Corp.*, 46 N.Y.2d 606, 415 N.Y.S.2d 817, 389 N.E.2d 130, 132 (1979)) (other citations omitted).

In the present matter, Plaintiff's filed their complaint in New York State Supreme Court, Onondaga County on June 8, 2011.  *See* Dkt. No. 1-3.  In the complaint, Plaintiff's allege that, "[b]eginning in 1998, and continuing through 2010, Sean McGuigan . . . , defendants' employee, stole money from plaintiff's parking meters with the assistance of a third party, Roland

---

[2] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

Mancuso[.]" *See id.* at ¶ 15.[3]  Further, Plaintiff claims that, after Defendant merged with AMSA in 2003, Defendant entered into contracts with Plaintiff to continue to handle Plaintiff's parking meter collection work in 2004, 2006 and 2010. *See id.* at ¶ 12.

Based on the facts alleged in the complaint, it is clear that Defendant is correct that Plaintiff's breach of contract claims occurring prior to June 8, 2005 are barred by New York's six-

---

[3] Defendant urges the Court to consider an email it included with its motion to dismiss. *See* Dkt. No. 5-2 at 9 & n.6. The email, which was sent from Plaintiff's attorney Jessica McKee to Defendant's Senior Vice President of Risk Management, Danny Pack, advises Defendant that Plaintiff "has estimated its damages resulting from the theft based on the yearly decline in parking meter revenue from 1998 until 2005, the period of the theft." *See* Dkt. No. 5-1 at Exhibit "C." Based on this email, Defendant claims that the Court should find that Plaintiff can only claim damages, at best, from June 8, 2005 through December 31, 2005, *i.e.*, the end of 2005. *See* Dkt. No. 5-2 at 19-20.

Contrary to Defendant's assertions, it is improper for the Court to consider this email in deciding its motion to dismiss. The Second Circuit has held that, on a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). The Second Circuit has clarified, however, that "[b]ecause this standard has been misinterpreted on occasion, we reiterate . . . that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation and footnote omitted).

Here, even though this email was clearly in Plaintiff's possession, there is no indication that Plaintiff relied on this email in drafting its complaint. This document was not attached to the complaint or incorporated by reference in it, and it is not a document of which judicial notice may be taken. As such, the Court finds that it is inappropriate to consider this email in deciding Defendant's motion to dismiss.

The Court also declines, at this early juncture, to convert this motion to dismiss to one for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See, e.g., Global Network Commc'ns, Inc.*, 458 F.3d 150, 155 (2d Cir. 2006) (holding that "[t]he conversion requirement of Rule 12(b) . . . deters trial courts from engaging in factfinding when ruling on a motion to dismiss and ensures that when a trial judge considers evidence [outside] the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it" (citations omitted)).

year statute of limitations. Even if Defendant had a continuing obligation to Plaintiff under the contracts, a new breach would have occurred each time Mr. McGuigan committed the offenses alleged, restarting the statute of limitation for that particular breach. Therefore, June 8, 2005 would be the earliest possible date not barred by New York's six-year statute of limitations. *See Guilbert*, 480 F.3d at 150.

Based on the foregoing, the Court finds that Plaintiff's breach of contract claims occurring prior to June 8, 2005 are barred by New York State's six-year statute of limitations.

### *2. Negligence causes of action*

Under New York law, a negligence claim is governed by a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214. This limitations period begins to run from the date of the alleged negligent act, regardless of when it was allegedly discovered or should have been discovered. *See Ruso v. Morrison*, 695 F. Supp. 2d 33, 44-45 (S.D.N.Y. 2010) (holding that, "'[s]tated another way, accrual occurs when the claim becomes enforceable, *i.e.*, when all elements of the tort can be truthfully alleged in a complaint'" (quotation and other citation omitted)); *see also Bond v. Progressive Ins. Co.*, 82 A.D.3d 1318, 1320-21 (3d Dep't 2011) (quotation omitted).

In the present matter, having filed its complaint on June 8, 2011, the furthest Plaintiff may reach back with respect to any of its negligence claims is June 8, 2008. Further, Plaintiff has not alleged or even provided any facts which would support the application of equitable estoppel in this matter. *See Tanz v. Kasakove*, No. 08 Civ. 1462, 2008 WL 2735973, *1 (S.D.N.Y. July 7, 2008) (citations omitted).

8

Based on the foregoing, the Court finds that Plaintiff's negligence claims accruing prior to June 8, 2008, are barred by New York State's three-year statute of limitations.[4]

**C.    Sufficiency of Plaintiff's claims**

*1. Breach of contract*

Defendant contends that, on its face, "the Complaint fails to offer allegations sufficient to support a *prima facie* case for either of plaintiff's breach of contract claims[.]" *See* Dkt. No. 5-2 at 24. Defendant claims that the complaint is devoid of virtually any detail regarding the contracts or contractual provisions allegedly at issue in this action. *See id.* Defendant alleges that Plaintiff has failed to identify which of the contracts the parties entered into was allegedly breached and has "failed to provide anything more than, at best, summaries (absent any reference to the actual contractual language) of the provision at issue." *See id.*

Under New York law, a plaintiff alleging a breach of contract claim must allege the following elements: (i) the existence of a contract; (ii) adequate performance of the contract by the plaintiff; (iii) breach by the other party; and (iv) damages suffered as a result of the breach. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *see also Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 357-58 (S.D.N.Y. 2001) (citation omitted). "In pleading these elements, a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *Wolff*, 171 F. Supp. 2d at 358 (citation omitted).

"In order to adequately allege the existence of an agreement, 'a plaintiff must "plead the provisions of the contract upon which the claim is based."'" *Howell v. American Airlines, Inc.*,

---

[4] Again, the Court declines to consider the implications of the statements contained in the email attached as an exhibit to Defendant's motion to dismiss. *See* Dkt. No. 5-1 at Exhibit "C."

9

No. 05-CV-3628, 2006 WL 3681144, \*3 (E.D.N.Y. Dec. 11, 2006) (quoting *Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05 Civ. 4837(HB), 2006 WL 399396, at \*10 (S.D.N.Y. Feb. 21, 2006) (quoting *Window Headquarters, Inc. v. MAI Basic Four, Inc.*, Nos. 91 Civ. 1816(MBM), 92 Civ. 5283(MBM), 1993 WL 312899, at \*3 (S.D.N.Y. Aug. 12, 1993) (quoting *Griffin Bros., Inc. v. Yatto*, 68 A.D.2d 1009, 1009, 415 N.Y.S.2d 114, 114 (App. Div. 3d Dep't 1979)))).  "A plaintiff need not attach a copy of the contract to the complaint or quote the contractual provisions verbatim." *Id.* (citing *Window Headquarters*, 1993 WL 312899, at \*3 (citing *Mayes v. Local 106, Int'l Union of Operating Eng'rs*, 739 F. Supp. 744, 748 (N.D.N.Y. 1990))).  "However, the complaint must at least 'set forth the terms of the agreement upon which liability is predicated . . . by express reference.'"  *Id.* (quoting *Phoenix Four*, 2006 WL 399396, at \*10; *Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*, 129 A.D.2d 927, 928, 514 N.Y.S.2d 1002, 1003 (App. Div. 3d Dep't 1987)).

In the present matter, Plaintiff provides very little detail regarding the contracts allegedly at issue.  Plaintiff claims that it entered into contracts with Defendant in "2004, 2006 and 2010[.]" *See* Dkt. No. 1-3 at ¶ 12.  Further, Plaintiff alleges that, "[p]ursuant to the terms of the contracts, defendants were required to employ all safety procedures and devices necessary to safely transport money from the City's meters to either a bank or other location where the money would be counted and then deposited into the City's account." *See id.* at ¶ 13.  Plaintiff also claims that "the contracts required defendants to safeguard the key used to open the coin collection cart and prevented defendants from making any duplicate keys." *See id.* at ¶ 14; *see also id.* at ¶ 24 (alleging that "[t]he key opened the coin collection cart was in defendants' sole and/or exclusive possession, and pursuant to defendants' meter collection contracts with the City, defendants were required to safeguard the key and prevent duplicates from being made").

First, Plaintiff fails to allege in the complaint that it performed its own obligations under the contract. *See 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 429 F.3d 39, 42 (2d Cir. 2005) (holding that "'a contracting party's failure to fulfill a condition excuses performance by the other party whose performance is so conditioned'" (quotation omitted)).  Plaintiff's failure to allege that it performed its own obligations under the contract, whatever they may be, is sufficient to warrant dismissal of its breach of contract causes of action. *See Levista, Inc. v. Ranbaxy Pharms. Inc.*, No. 09 CV 0569, 2010 U.S. Dist. LEXIS 128462, *10-*11 (E.D.N.Y. Dec. 2, 2010) (dismissing action where the plaintiff failed to allege, among other things, that it performed its own obligations under the contract).

Second, as Defendant correctly contends, the complaint indicates that as many as five different contracts may be at issue in the present matter, but fails to indicate under which contract(s) Defendant's obligations arose. Further, aside from the vague and conclusory allegations provided above, Plaintiff fails to "'set forth the terms of the agreement upon which liability is predicated . . . by express reference.'" *Howell*, 2006 WL 3681144, at *3 (quoting *Phoenix Four*, 2006 WL 399396, at *10; *Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*, 129 A.D.2d 927, 928, 514 N.Y.S.2d 1002, 1003 (App. Div. 3d Dep't 1987)). Plaintiff merely provides that Defendant violated the contract in vague and conclusory terms.

Based on the foregoing, the Court finds that Plaintiff's conclusory allegations alleging breach of contract are insufficient to allege a plausible claim. As such, the Court grants Defendant's motion to dismiss as to these claims.

### *2. Negligence*

Defendant claims that Plaintiff's five negligence claims must be dismissed because (1) Plaintiff has failed to allege that Defendant owed Plaintiff a duty of care beyond its contractual obligations; (2), with respect to the third and fourth causes of action, Plaintiff has failed to allege that Mr. McGuigan's alleged thefts were committed within the scope of his employment with Defendant or even specify the manner in which Defendant allegedly violated any purported duty owed to Plaintiff; (3), with respect to the fifth and sixth causes of action, Plaintiff has failed to allege that Defendant had any prior knowledge which would have rendered the alleged crimes committed by Mr. McGuigan foreseeable; and (4), with respect to the seventh cause of action, Plaintiff has failed to allege that Mr. McGuigan's purported thefts involved a "dangerous instrument" of any sort. *See* Dkt. No. 5-2 at 25-26.

It is well-settled that a claim arising out of an alleged breach of contract may not be converted into a tort action, absent the violation of a legal duty independent of that created by the contract. *See Givoldi, Inc. v. United Parcel Service*, 286 A.D.2d 220, 221 (1st Dep't 2001) (citation omitted). "'This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract.'" *Id.* (quoting *Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987)).

In the present matter, Defendant correctly asserts that Plaintiff has failed to set forth any allegations establishing the existence of a "special relationship" between itself and Defendant beyond that created by the contract. Plaintiff has simply provided conclusory legal conclusions, couched as factual allegations, in support of its five negligence causes of action, which the Court need not accord the presumption of truthfulness generally required on a motion to dismiss. *See In*

12

*re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (holding that a court "need not accord '[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness'" (quotation omitted)). For example, in its third cause of action, Plaintiff claims that Defendant owed Plaintiff "a duty to use reasonable safeguards . . . to protect the money collected[.]" *See* Dkt. No. 1-3 at ¶ 53. In its fourth cause of action, Plaintiff claims that Defendant owed Plaintiff a "duty to use reasonable care in the collection, safeguarding and/or delivery" of the parking meter money. *See id.* at ¶ 58. Such bare allegations are insufficient to allege a plausible "special relationship" or legal duty independent of that created by the contract at issue. *See Light's Jewelers Inc. v. New York Telephone Co.*, 182 A.D.2d 965, 966-67 (3d Dep't 1992) (finding that the jewelry store plaintiff victimized by a robbery was unable to maintain a negligence claim against its security company where the plaintiff was unable to demonstrate that the security company "violated a legal duty independent of the contract itself").

Based on the foregoing, the Court finds that Plaintiff has failed to allege the existence of a "special relationship" or legal duty independent of its contractual relationship with Defendant; and, therefore, the Court grants Defendant's motion to dismiss Plaintiff's negligence causes of action.

**D.    Leave to amend**

It has long been "well-established that 'outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts.'" *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 479 (W.D.N.Y. 1987) (quoting *Nagler v. Admiral Corporation*, 248 F.2d 319, 322 (2d Cir. 1957)). For this reason, "dismissals for insufficient pleadings are ordinarily with leave to replead." *Stern v. General Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991). Leave to amend

a pleading need not be granted, however, if it would be futile to do so. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)).

In the present matter, amendment of Plaintiff's contracts claims which accrued prior to June 8, 2005 and its negligence claims which accrued prior to June 8, 2008 would be futile; and, therefore, these claims are dismissed with prejudice. With respect to the remaining claims, however, the Court finds that it is not clear at this point whether amendment would be futile; and, therefore, Plaintiff will be afforded an opportunity to amend its complaint.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's breach of contract claims accruing prior to June 8, 2005 are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's breach of contract claims accruing on June 8, 2005 or after are **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's negligence claims accruing prior to June 8, 2008 are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's negligence claims accruing on June 8, 2008 or after are **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall have **twenty (20) days** from the date of this Memorandum-Decision and Order to file an amended complaint; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **twenty (20) days** from the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without any additional action by this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 11, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge