**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CITY OF SYRACUSE,**

                              **Plaintiff,**

    vs.                                                  **5:11-cv-00744**
                                                                  **(MAD/GHL)**

**LOOMIS ARMORED US, LLC; MICHAEL**
**BUCCI; RONALD MANCUSO; and SEAN**
**MCGUIGAN,**

                              **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**CITY OF SYRACUSE**               **JAMES P. McGINTY, ESQ.**
**OFFICE OF CORPORATION COUNSEL**   **SHANNON T. O'CONNOR, ESQ.**
233 East Washington Street
City Hall
Syracuse, New York 13202
Attorneys for Plaintiff

**HAYNES & BOONE, LLP**            **JONATHAN D. PRESSMENT, ESQ.**
30 Rockefeller Plaza - 26th Floor
New York, New York 10112
Attorneys for Defendant Loomis
Armored US, LLC

**TREVETT, CRISTO, SALZER &**        **DAVID H. EALY, ESQ.**
**ANDOLINA, P.C.**
2 State Street, Suite 1000
Rochester, New York 14614
Attorneys for Defendant Michael Bucci

**OFFICE OF A. SHELDON GOULD**      **A. SHELDON GOULD, ESQ.**
P.O. Box 11169
Syracuse, New York 13218
Attorneys for Defendant Sean McGuigan


**Mae A. D'Agostino, U.S. District Judge:**

                              **MEMORANDUM-DECISION AND ORDER**

## I. BACKGROUND

On June 8, 2011, Plaintiff filed a complaint in New York State Supreme Court, Onondaga County, alleging causes of action for breach of contract and negligence. On July 1, 2011, Defendant Loomis Armored US, LLC ("Loomis") removed the action to this Court pursuant to 28 U.S.C. § 1446, asserting that the Court possesses jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) by virtue of the fact that complete diversity exists between the parties and the amount in controversy exceeds $75,000.

On July 8, 2011, Defendant Loomis filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint is time barred and that it fails to state any *prima facie* claims for relief. Thereafter, on July 21, 2011, Plaintiff filed a motion to remand the action back to state court. *See* Dkt. No. 5. In a December 15, 2011 Memorandum-Decision and Order, the Court denied Plaintiff's motion to remand. *See* Dkt. No. 16.

In a letter dated January 4, 2012, Plaintiff informed the Court that it did not intend to oppose Defendant Loomis' motion to dismiss. *See* Dkt. No. 17. On January 11, 2012, the Court granted Defendant Loomis' motion to dismiss, but granted Plaintiff an opportunity to amend its complaint. *See* Dkt. No. 19. On January 31, 2012, Plaintiff filed its amended complaint. *See* Dkt. No. 22. The amended complaint includes five causes against Defendant Loomis, as well as claims against three new Defendants (Michael Bucci, Sean McGuigan, and Ronald Mancuso).[1] *See id.*

Currently before the Court are Defendant Loomis' and Defendant Bucci's motions to dismiss. *See* Dkt. Nos. 31, 35.

---

[1] The Court notes that Defendant Ronald Mancuso has not yet appeared in this matter.

## II. DISCUSSION

A defendant may remove to federal court "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). However, once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* at 310 (quoting 28 U.S.C. § 1447(c)). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted).

Defendant Loomis based its removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is well settled that to invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, the court lacks diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (citing 28 U.S.C. § 1332(c)(1)).

3

Although not addressed by the parties, it is abundantly clear from the face of the amended complaint that this Court lacks subject matter jurisdiction over this action as it is presently constituted. In the amended complaint, Plaintiff not only clarified its claims against Defendant Loomis, but also added three additional Defendants, all of whom are New York residents. As such, complete diversity no longer exists.

Therefore, the only viable question at this point in the proceedings is whether to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, remand the case to the state court pursuant to 28 U.S.C. § 1447(e), vacate the Court's previous order permitting amendment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, or dismiss the non-diverse parties pursuant to Rule 21 of the Federal Rules of Civil Procedure. *See Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F. Supp. 2d 421, 423-24 (E.D.N.Y. 2008) (addressing a procedural situation in a removed case similar to the present matter); *see also McGee v. State Farm Mutual Auto. Ins. Co.*, 684 F. Supp. 2d 258, 266-68 (E.D.N.Y. 2010); *Bailey v. Bayer Cropscience, L.P.*, 563 F.3d 302, 307-08 (8th Cir. 2009) (finding that the district court had jurisdiction to reconsider its earlier decision to grant a plaintiff leave to amend its complaint "'[w]here . . . the record indicates that the problem of the addition of the non-diverse defendant was not brought to the attention of the Court or recognized by the parties . . .'").

In the interests of judicial economy, the Court shall deny without prejudice to renew the pending motions to dismiss and direct the parties to address this jurisdictional issue.[2]

### III. CONCLUSION

---

[2] Although the Court granted Plaintiff leave to amend its complaint, it was not contemplated that Plaintiff would amend its complaint to join non-diverse parties. The Court is unclear as to Plaintiff's motive in joining these non-diverse Defendants in this action, especially in light of the fact that they were known to Plaintiff at the time this action was first filed, and mentioned throughout the original complaint. *See, e.g.,* Dkt. No. 1-1 at ¶¶ 15-30, 38, 54, 65-67.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Loomis' and Defendant Bucci's motions to dismiss are **DENIED without prejudice to renew**; and the Court further

**ORDERS** that Defendants shall submit within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order supplemental memoranda of law, not to exceed **TWENTY (20) PAGES**, addressing the jurisdictional concerns set forth above; and the Court further

**ORDERS** that Plaintiff shall have **TEN (10) DAYS** to submit a response to Defendants' submissions, which shall not exceed **TWENTY (20) PAGES**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 24, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge